**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ATHENAHEALTH, INC., <br><br> Plaintiff, <br><br> v. <br><br> LAUREN MAY, <br><br> Defendant. | Civil Action No. 16-11770 (LTS) |

**PLAINTIFF ATHENAHEALTH, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

**INTRODUCTION**

Plaintiff athenahealth, Inc. ("Athena") seeks temporary, emergency, relief pursuant to Rule 65(b) of the Federal Rules of Civil Procedure to protect its trade secrets and confidential information, obtain the return of a laptop computer owned by Athena that its former employee, Defendant Lauren May ("May"), is refusing to return, and to otherwise preserve the *status quo* pending discovery and a hearing as to the issuance of a preliminary injunction. The requested relief is necessary, including on an expedited basis, due to the actions of Defendant May, who is refusing to return her company-issued laptop computer, and who appears to have downloaded Athena's trade secrets and confidential information to a personal email address in the months before the end of her employment.

The basis for the relief requested by Athena is the Employment Agreement ("Agreement") between Athena and May, as well as the Defend Trade Secrets Act and other relevant statutory and common law regarding the misappropriation of trade secrets. The Agreement between Athena and May requires that May return to Athena "all … (ii) property

(whether owned or leased) of Athena or any of its affiliates that is in Employee's possession or control" including "computer hardware," *and* permit Athena to obtain "access to electronic devices that Employee used during her Employment Period so that Athena can confirm that no Athena information is on such equipment."

This Motion seeks three categories of relief, each of which are consistent with relief that Defendant May had either *already* contractually agreed to provide Athena at the end of her employment, or that she is otherwise required to provide now that litigation has commenced. In particular, the proposed Temporary Restraining Order seeks the following categories of relief:

1. The return of Athena's property, including a laptop computer that Plaintiff has refused to return.

2. A prohibition on Defendant's use of Athena's Confidential Information.

3. Preservation of electronic evidence, including evidence on Defendant's personal electronic devices.

Each of these categories of relief is authorized by Defendant's contractual obligations, justified by Defendant's conduct or designed to preserve the *status quo* in light of conduct by the Defendant that suggests that information will not be preserved absent the relief requested.

# FACTS

The facts supporting Athena's request for relief are set forth in detail in the Complaint (and its attachments) and the affidavit of Michael DiPierro ("DiPierro Aff."), submitted in support of this Motion. The facts are briefly summarized here for the Court's convenience.

### A. Athena's Business And Confidential Information

Athena is a leading provider of cloud-based electronic health record, practice management, and care coordination services to medical groups and health systems. DiPierro

Aff., ¶ 4.  Athena has a nationwide client base and sells its products and services throughout the United States.  Id.

Athena's success depends on its ability to identify clients for its products and services, effectively sell its products and services to potential clients and ensure that its clients are satisfied with the products and services purchased from Athena.  Id., ¶ 5.  As discussed in more detail in the DiPierro Affidavit, Athena has expended considerable resources to identify clients and prospective clients, maintain business relationships with clients, learn clients' business and software needs, develop innovative solutions to market to clients and prospective clients, and develop sales strategies.  Id., ¶¶ 8, 14-18.  This includes routinely purchasing or renting information on clients and prospective clients, at considerable cost, from third party sources.  Id., ¶ 12.

The extensive information gathered by Athena with respect to its current and prospective clients is regarded as Athena's confidential, proprietary and trade secret information, has significant economic value to Athena, and would be of significant economic value to Athena's competitors in the industry.  Id., ¶¶ 10-11.  As set forth in detail in the DiPierro Affidavit, Athena takes extensive, and clearly reasonable, steps to maintain the confidentiality of its information, including information it has regarding clients and prospective clients.  Id., ¶¶ 20-21.

      **B.**    **May's Employment With Athena, Access To Athena's Confidential Information And Agreement With Athena**

May was offered employment with Athena in November 2011 as a Marketing Analyst.  Id., ¶ 22.  While employed by Athena, May had access to and knowledge of this extensive confidential information regarding Athena's clients and prospective clients, including access to

Salesforce.com, Athena's web-based client relationship management tool and Eloqua, Athena's marketing automation platform that housed detailed metrics on client and prospective client response to Athena's marketing communications. May also had access to confidential documents regarding Athena's marketing activities, including marketing materials and other documents used in creating and tracking Athena's marketing efforts. Id., ¶¶ 28-32.

May signed an Employment Agreement (the "Agreement") containing restrictions on the use, disclosure and return of Athena's Confidential Information (as that term was defined in the Agreement). Compl., Ex. C and DiPierro Aff., ¶ 25. The Agreement required May to hold Athena's Confidential Information "in the strictest confidence, without disclosure to any third party (even Athena's employees, consultants, and professional advisors) except as necessary to perform Employee's duties hereunder or as expressly authorized in advance by Athena." Compl., Ex. C at ¶ 5(a) and DiPierro Aff., ¶ 25. May was also required to "immediately return to Athena all … (ii) property (whether owned or leased) of Athena or any of its affiliates that is in Employee's possession or control (including, … computer hardware" at the end of her employment and agreed to "provide Athena or its designee with access to electronic devices that Employee used during her Employment Period so that Athena can confirm that no Athena information is on such equipment." Compl., Ex. C at ¶ 1(d) and DiPierro Aff., ¶ 25.

### C. May Refuses To Return Athena's Property Or Confidential Information

For some time prior to the end of her employment, May reported to a manager at Athena's Watertown headquarters, but worked "remotely" (i.e., not in an Athena office). On May 18, 2016 May was informed that her current position could no longer be a "remote" position. While Athena provided May with a transition period to find another position at Athena,

May did not do so and her employment with Athena ended on June 17, 2016. DiPierro Aff., ¶¶ 35-39. After her employment ended, May failed to return to Athena its laptop computer, and ignored or resisted several requests by Athena that she return the computer. Compl., Exs. D-E; DiPierro Aff., ¶¶ 33, 40-43.

Following the end of May's employment, it became increasingly clear that she would not cooperate in returning Athena's property, including a laptop computer. Athena reviewed her email account following the end of her employment, and this review revealed that in the months before her employment ended, May downloaded confidential information from Athena's databases and emailed that confidential information to her personal email account. DiPierro Aff., ¶ 33. This review revealed that in the months before her employment ended, May downloaded confidential information from Athena's databases and emailed that confidential information to her personal email account. Id. There was no reason for May to email this information to her personal email to complete her work for Athena. Id. This same review also revealed that May appears to have deleted a volume of emails from the "sent" folder of her Athena-issued email account shortly before her employment ended. Id., ¶ 34. This conduct appeared to be designed to conceal additional emails that May sent to her personal email account.

As of the date of this Motion, May has not returned Athena's property and Confidential Information, including the Athena-owned laptop computer. Id., ¶ 43.

**ARGUMENT**

Plaintiff is entitled to the relief it seeks because it has satisfied the prerequisites for such relief. Specifically, a temporary restraining order should issue because Plaintiff can demonstrate that: (1) it is likely to succeed on the merits of its case; (2) there is a risk that irreparable injury will occur if the injunction is not granted; and (3) the balance of hardships favors the issuance of the injunction. See Oxford Global Resources, Inc. v. Guerriero, 2003 U.S. Dist. LEXIS 23503, *11 (D. Mass. Dec. 20, 2003); Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 617 (1980).

    **A.    Plaintiff Is Likely To Succeed On The Merits Of Its Claim Because The Agreement Is Valid And Requires Defendant To Both Return Athena's Property And Permit Athena To Confirm That Defendant Is Not In Possession Of Athena's Confidential Information**

It is well-settled that the likelihood-of-success-on-the-merits prong of the test for injunctive relief is the most important for the court to consider. New Comm. Wireless Servs. v. Sprintcom, Inc., 287 F.3d 1, 9 (1st Cir. 2002) (noting "[t]he sine qua non of th[e] four-part inquiry [regarding the issuance of injunctive relief] is likelihood of success on the merits . . . ."), citing Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993). Plaintiff's Complaint seeks relief for Defendant's breach of contract and breach of the covenant of good faith and fair dealing with respect to her Agreement. Compl., Ex. C. The evidence submitted here, including the Complaint and the exhibits thereto and the DiPierro Affidavit, establish Plaintiff should be granted the limited injunctive relief it seeks here because Athena is able to demonstrate that it is likely to succeed on the merits of its legal claims.

Defendant May has clearly breached her Agreement with Athena. Most significantly, May has refused to return a laptop computer belonging to Athena. The Agreement expressly provides, in plain terms, that May "immediately return to Athena all … (ii) property (whether owned or leased) of Athena or any of its affiliates that is in Employee's possession or control" when requested by Athena or at the end of her employment. Compl., Ex. C at ¶ 1(d). Athena has demanded that May return its laptop computer and May has refused. There is no basis for May's refusal to return this laptop computer, which contains Athena's Confidential Information.

It is also clear that May breached her contractual obligations with respect to Athena's Confidential Information, both when she emailed such information to a personal email and when she apparently deleted Athena emails in what is likely an effort to conceal her further misappropriation of Athena's Confidential Information. This conduct not only supports a breach of contract claim, it places Athena's Confidential Information at risk, and provides strong support for this Court to issue the temporary restraining order sought by Athena.

### B. If The Requested Relief Is Not Granted, Plaintiff Will Suffer Irreparable Injury

If the requested relief is not granted, Athena will suffer immediate and irreparable harm with respect to its Confidential Information. As set forth above, Defendant May has breached her obligations with respect to Athena's Confidential Information. Her conduct, including her unreasonable refusal to return her laptop computer, her conduct in emailing Athena's Confidential Information to a personal email and her deletion of Athena emails in an effort to "cover her tracks," supports the conclusion that Athena's Confidential Information is at grave risk of disclosure if Defendant is not enjoined from using, disclosing or altering that information.

The case law is clear that the threat of disclosure of confidential information constitutes irreparable harm. See New England Circuit Sales, Inc., 1996 U.S. Dist. LEXIS 9748, *4 ("[i]f confidential information is allowed to be revealed, the damage will already have occurred."). Simply put, there is no adequate legal remedy for Athena if Defendant May uses or discloses Athena's Confidential Information. Based on the evidence of Defendant May's breach of her contractual obligations with respect to Athena's Confidential Information, and her misappropriation of Athena's Confidential Information (including by her refusal to return it), Athena has met its burden of establishing that it will suffer irreparable harm absent the relief requested. See Picker Intern. Corp. v. Imaging Equip. Svcs, Inc., 931 F. Supp. 18, 44 (D. Mass. 1995) (ruling misuse of trade secrets generally deemed to cause irreparable harm); see also Shipley Co. v. Kozlowski, 926 F. Supp. 28, 29 (D. Mass. 1996) (granting employer's motion for injunction because employer would suffer irreparable injury if confidential information were revealed). Indeed, extensive case law supports the issuance of relief requiring an employee to return property belonging to his former employer – the precise relief requested here. Signet Elec. Sys., Inc. v. Taylor, 2003 U.S. Dist. LEXIS 22126, *6 (D. Me. 2003) (irreparable harm established when employee violated the "Return of Property" clause of an agreement with former employer by refusing to return the employer's property; temporary restraining order issued enjoining former employee from any further possession or use of employer's property and ordering the employee to return property to employer); Tuckerbrook Alternative Invs., LP v. Banerjee, 2008 U.S. Dist. LEXIS 43802, *17 (D. Mass. 2008) (allowing employer's motion for a preliminary injunction and finding that the former employee needed to "return the laptop computer and all property of [his former employer], and shall not disclose any of [his former

employer's] confidential business information"); R.J. Carbone Co. v. Regan, 582 F. Supp. 2d 220, 227 (D.R.I. 2008) (injunction issued ordering former employee to return all of his former employer's "property and documents in his custody or control, and shall have a continuing obligation to do so in the event he locates additional documents, including sales and commission reports, during the period this injunction remains in effect").

### C. The Balance Of Hardships Weighs Decisively In Plaintiffs' Favor

The proposed TRO will not cause any harm to Defendant.  If the relief requested by Plaintiff is allowed, Defendant is only being ordered to return property and information that does not belong to her, and that she agreed to return at the end of her employment.  In addition, she is being ordered to comply with her contractual obligations not to use Athena's Confidential Information, and to allow a third party to forensically preserve information for the litigation.  Not only did Defendant *already* agree to provide this relief in the Agreement, she agreed that Athena would be "*entitled* to (a) an injunction, specific performance, or other equitable relief (without the necessity of posting any bond or other security or proving damages) in case of any breach or threatened breach" of her obligations with respect to Athena's property or Confidential Information.  Compl., Ex. C at ¶ 8; DiPierro Aff., ¶ 25.

The requested relief merely requires Defendant to comply with the terms of an Agreement that she entered into voluntarily.  Defendant will not suffer any harm simply because she is required to live up to her contractual obligations.  Indeed, the bulk of the relief sought is designed to preserve potential evidence, an obligation already imposed on Defendant by the Federal Rules now that litigation has commenced.  See e.g. Fed. R. Civ. P. 37(e).  On the facts

here, the potentially immeasurable injury to Plaintiff clearly outweighs the harm that will befall Defendant were she to be enjoined as requested.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Temporary Restraining Order in the form attached as Exhibit A to the Plaintiff's Motion should be granted.

Dated:  August 31, 2016

Respectfully submitted,

ATHENAHEALTH, INC.
By its attorneys,

*/s/ Sarah B. Herlihy*
Sarah B. Herlihy, BBO # 640531
JACKSON LEWIS P.C.
75 Park Plaza
Boston, Massachusetts  02116
Phone:  (617) 367-0025
Fax:  (617) 367-2155
Email: sarah.herlihy@jacksonlewis.com

## CERTIFICATE OF SERVICE

This hereby certifies that on this 31st day of August 2016, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and by electronic mail and first-class mail to non-registered participants.

*/s/ Sarah B. Herlihy*
Sarah B. Herlihy

4836-5134-6999, v.  2