**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **ATHENAHEALTH, INC.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 16-11770-NMG** |
| **LAUREN MAY,** | ) | |
| **Defendant.** | ) | |

**TEMPORARY RESTRAINING ORDER**

**SAYLOR, J.**

This matter comes before the Court upon consideration of plaintiff athenahealth, Inc.'s ("Athena") emergency motion for a temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure.

Based upon the complaint, affidavit of Michael DiPierro, Athena's motion and supporting memorandum of law, and the information provided at the hearing, for good cause shown, the Court enters the following temporary restraining order.

Findings

1. Plaintiff has a reasonable likelihood of success on the merits of its claim that defendant breached her employment agreement by failing to return a laptop computer that contains confidential information and trade secrets.

2. Absent a restraining order, Athena will continue to suffer irreparable harm and injury, for which it has no adequate remedy at law. The harm plaintiff may suffer if injunctive relief is not granted outweighs any likely harm to defendant if the order does issue. Furthermore, the public interest will not be affected by the issuance of an order.

Order

It is hereby ORDERED as follows:

1. Plaintiff's motion for a temporary restraining order is GRANTED.

2. Defendant Lauren May shall either return to Athena the laptop computer issued to her during her employment; leave it in the custody of her attorney; or personally take custody of it. If defendant or her attorney retain custody of the laptop, it shall not be powered on or otherwise activated.

3. Defendant shall not use or disclose any confidential information or property of Athena, including any information taken without express authorization from Athena's premises or computer systems.

4. Defendant shall comply with the terms of her employment agreement with Athena, including the provisions concerning non-disclosure of confidential information.

5. Defendant shall not modify or destroy any documents or evidence in physical form that concern, directly or indirectly, the claims set forth in the complaint filed by Athena in this matter, until further order of the Court.

6. Defendant shall not modify or delete from the laptop, or any other electronic devices or media, any e-mails, corporate documents, records, or other information or documents that concern, directly or indirectly, the claims set forth in the complaint filed by Athena in this matter, until further order of the Court.

This Order shall be binding upon defendant Lauren May, her attorney Philip Takacs-Senske, and all persons and/or entities who act in concert or participation with her who receive actual notice of this Order.

This Order shall expire on September 12, 2016, at 5:00 p.m, unless extended or otherwise ordered by the Court.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Boston, Massachusetts
September 2, 2016
5:00 p.m.