United States District Court
District of Massachusetts

| | |
|---|---|
| Athenahealth, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 16-11770-NMG |
| Lauren May, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from an employment dispute between Athenahealth, Inc. ("Athena" or "plaintiff") and its former employee, Lauren May ("May" or "defendant") in which Athena alleges that May failed to return, upon her termination, a laptop computer provided to her by Athena for her work.

May moves to dismiss Athena's claims against her for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. For the reasons that follow, defendant's motion will be denied.

## I. Background

Athena, a Delaware corporation with its principle place of business in Watertown, Massachusetts, is a nationwide provider of web-based healthcare management services. To meet client needs as well as to find new clients, Athena invests in

acquiring and maintaining a significant amount of information about former, current and prospective clients.

May began working for Athena in or about November, 2011 at the Watertown, Massachusetts office. She later transferred to Athena's Princeton, New Jersey office on an unspecified date. Sometime thereafter May began working remotely from her home in New Jersey but, in or about June, 2016, the employment relationship was terminated.

Section 1 of an employment agreement entered into by May and Athena ("the Agreement") when she began working for Athena, provides that May "will immediately return to Athena all [documents, data, property and confidential information]" upon request or termination.

Relevant to the pending motion, Sections 8 and 10 of the Agreement relate to dispute resolution. Specifically, in Section 8 of the Agreement, Athena reserved the right to pursue equitable relief, "in addition to any other rights and remedies it may have" in court. Section 10, meanwhile, provides that:

> [except under] Section 8, any dispute . . . concerning Employee's employment with or separation from Athena will be referred to mediation . . . . [before being] brought in a court of competent jurisdiction in the state in which the office to which Employee reports is located.

Upon termination, May failed to return a laptop computer that Athena provided her for work. Moreover, she allegedly downloaded Athena's confidential information and sent it to her

personal e-mail account shortly before the end of her employment. Athena alleges that these actions constitute 1) a violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 (Count I), 2) breaches of contract and the implied covenant of good faith and fair dealing (Counts II and III, respectively), 3) misappropriation (Counts IV and V), 4) breach of fiduciary duty (Count VI) and 5) conversion (Count VII).

Athena filed its complaint against May in August, 2016. The following day, it moved for an emergency temporary restraining order ("TRO") requesting that May be required to return the laptop she had kept. A TRO was entered by United States District Judge F. Dennis Saylor IV on September 2, 2016, directing May to return the subject computer or otherwise retain custody but refrain from using it. The computer was purportedly then transferred to the custody of May's attorney.

The TRO was extended by United States District Judge Indira Talwani until this session issued a preliminary injunction directing May to return the computer. On November 2, 2016, Athena filed a motion to find May in contempt for failure to return the computer in violation of the preliminary injunction. This session allowed that motion, in part, but denied it as moot the following day because May had apparently complied with the terms of the injunction.

-3-

On January 6, 2017, May filed a motion to dismiss the case for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.  That motion is the subject of this memorandum.

## II. Defendant's Motion to Dismiss

### A. Legal Standards

#### 1. Lack of Subject Matter Jurisdiction

In opposing a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  If the defendant mounts a "sufficiency challenge", the court will assess the sufficiency of the plaintiff's jurisdictional allegations by construing the complaint liberally, treating all well-pled facts as true and drawing all reasonable inferences in the plaintiff's favor. Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001).

If, however, the defendant advances a "factual challenge" by controverting the accuracy, rather than the sufficiency, of the alleged jurisdictional facts, "the plaintiff's jurisdictional averments are entitled to no presumptive weight" and the court will consider the allegations by both parties and resolve the factual disputes. Id.  The court has "broad authority" in conducting the inquiry and can, in its discretion,

consider extrinsic evidence in determining its own jurisdiction. Id. at 363-64.

### 2. Failure to State a Claim

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). A court may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Id. Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

**B. Application**

**1. Subject Matter Jurisdiction**

Defendant contends that this Court lacks diversity jurisdiction, pursuant to 28 U.S.C. § 1332, because the amount in controversy does not meet or exceed $75,000. In assessing the amount in controversy, "the sum claimed by the plaintiff controls" unless it

> appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount . . . .

Stewart v. Tupperware Corp., 356 F.3d 335, 338 (1st Cir. 2004) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)). Given the alleged value of the confidential and proprietary information in question, it cannot be said to a legal certainty that the amount in question is not satisfied. Accordingly, the Court has diversity jurisdiction over plaintiff's claims. See GEO Speciality Chems., Inc. v. Husisian, 951 F. Supp. 2d 32, 41 (D.D.C. 2013) (concluding that the court had diversity jurisdiction because it is "not at all confident" that the value of confidential information is less than $75,000).

**2. Forum Selection Clause**

Defendant also avers that this case should be dismissed for failure to state a claim upon which relief can be granted because her employment agreement contains a mandatory forum

selection clause that favors New Jersey. See Claudio-De León v. Sistema Universitario Ana G. Méndez, 775 F.3d 41, 46 (1st Cir. 2014) ("[A] motion to dismiss based on a forum selection clause [is treated] as a motion alleging the failure to state a claim for which relief can be granted under Rule 12(b)(6)." (quoting Rivera v. Centro Médico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009))).

The Agreement provides that the appropriate forum for resolving disputes is

> in the state in which the office to which the [e]mployee reports is located.

It is undisputed that defendant worked remotely primarily from her home in New Jersey. Plaintiff contends, however, that defendant reported to the Massachusetts office and, thus, this forum is proper.

Plaintiff has alleged that defendant's manager and team members worked in Massachusetts and that her employment ended in large part because of her inability to work in-person with those colleagues. When defendant notified her manager of her move from New Jersey to New York, she noted that her travel time to Boston would be unchanged (though, presumably, the travel time to Princeton, New Jersey would have increased).

Moreover, defendant has appeared before (and filed pleadings in) this Court on multiple occasions and yet has

failed to challenge venue.  Although a party's appearance in a particular court does not constitute a waiver of rights under a forum selection clause, Silva v. Encyclopedia Britannica Inc., 239 F.3d 385, 388 (1st Cir. 2001), defendant's consistent conduct during the course of this litigation is an acknowledgement that she understands that Massachusetts is the appropriate venue for this case.

Construing the facts in a light most favorable to the plaintiff, as the Court must do, a reasonable inference may be drawn that defendant reported to the office in Massachusetts and, therefore, a district court sitting in Massachusetts is the appropriate forum for this dispute.

Finally, defendant maintains that the complaint should be dismissed because the employment agreement required mediation prior to being brought to court.  That provision does not, however, apply to the equitable remedies that plaintiff initially sought in this case.  Furthermore, plaintiff notes that mediation has since taken place.

Accordingly, plaintiff's claims will not be dismissed for failure to state a claim upon which relief can be granted.

**ORDER**

For the foregoing reasons, defendant's motion to dismiss (Docket No. 43) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 10, 2017