United States District Court
District of Massachusetts

| | |
|---|---|
| AthenaHealth, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 16-11770-NMG |
| Lauren May, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from an employment dispute between Athenahealth, Inc. ("Athena" or "plaintiff") and its former employee, Lauren May ("May" or "defendant"). Athena alleges that May failed to return, upon her termination, a laptop computer provided to her by Athena. May counterclaims that she was wrongfully discharged from her employment.

Athena moves to dismiss four of May's counterclaims for failure to state a claim for which relief can be granted. For the reasons that follow, Athena's motion will be allowed, in part, and denied, in part.

I. **Background**

    A. Factual Background

        Athena, a Delaware corporation with its principle place of business in Watertown, Massachusetts, is a nationwide

-1-

provider of web-based healthcare management services. May began working for Athena as a market analyst in or about November, 2011, in the Watertown office. May and Athena entered into an at-will employment agreement ("the Agreement"). May later transferred to Athena's Princeton, New Jersey, office and sometime thereafter began working remotely from her home in New Jersey.

Beginning in 2015, Athena reorganized its Access and Awareness Division and May's position changed to "Senior Growth Analytics and Operations Associate". May asserts that in an effort to convince her to transfer to that position, Athena's vice president, Jamie Mallinger ("Mallinger"), promised May that she would have

> absolutely nothing to worry about in making the transition to a different team and continuing working from home.

May alleges that in March, 2016, her manager prompted her to misappropriate the technology, intellectual property and trade secrets of Decidedly, LLC, a company that provided Athena access to its system. May expressed her concern to the manager and her discomfort in fulfilling the request. Nevertheless, May insists that her manager continued to pressure her to mirror some of the successful features of the intellectual property of Decidedly, LLC.

In March, 2016, and again in May, 2016, defendant contacted Athena's senior corporate counsel and expressed her concerns regarding her manager. Shortly thereafter, counsel held a meeting with Athena employees addressing May's concerns. Less than two weeks after that meeting, May's manager informed her that she could not effectively fulfill the core requirements of her position while working remotely and that her continued employment would depend upon her attendance at her assigned work station. May submits that this was the first time Athena had raised concerns about her remote working arrangement. May resigned from her employment on June 17, 2016.

**B. Procedural History**

Athena filed its complaint against May on August 30, 2016. The next day, it moved for an emergency temporary restraining order ("TRO") requesting that May return the laptop she had kept. A TRO was entered by United States District Judge F. Dennis Saylor IV on September 2, 2016, directing May to return the subject computer or otherwise to retain custody but refrain from using it.

The TRO was extended by United States District Judge Indira Talwani until this session issued a preliminary injunction directing May to return the computer. On November 2, 2016, Athena moved the Court to find May in contempt for failure to return the computer, in violation of the preliminary injunction.

That motion was eventually denied as moot because May had apparently complied with the terms of the injunction.

In January, 2017, May filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. That motion was denied in August, 2017, and in November, 2017, May filed her amended answer and amended counterclaim. In her amended counterclaim, May alleges that Athena's actions constituted 1) breach of contract (Count I), 2) breach of the implied covenant of good faith and fair dealing (Count II), 3) wrongful discharge (Count III), 4) breach of contract and/or promissory estoppel (Count IV) and 5) violation of the Conscientious Employee Protection Act (Count V).

Several months later, Athena filed a motion to dismiss May's counterclaims. That motion is the subject of this memorandum and order.

## II. Legal Analysis

### A. Legal Standard

To survive a motion to dismiss, a complaint (or counterclaim) must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents

attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000). Furthermore, the Court must accept all factual allegations in the complaint (or counterclaim) as true and draw all reasonable inferences in the non-movant's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### 1. Count I – Breach of Contract

Athena asserts that May has not stated a claim for breach of contract because the plain language of the "Equitable Relief" clause ("Section 8") does not require Athena to mediate before pursuing equitable relief. May maintains that the "Mediation; Jurisdiction; and Waiver of Jury Trial" clause ("Section 10") applies because Athena sought damages along with equitable remedies.

Relevant to Count I, Sections 8 and 10 of the Agreement relate to dispute resolution. Specifically, in Section 8 of the Agreement, Athena reserved the right to pursue equitable relief, "in addition to any other rights and remedies it may have" in court. Section 10, meanwhile, provides that:

[except under] Section 8, any dispute . . . concerning
Employee's employment with or separation from Athena will
be referred to mediation . . . . [before being] brought in
a court of competent jurisdiction in the state in which the
office to which Employee reports is located.

Because plaintiff seeks the equitable remedy of return of the computer, Section 8 of the Agreement applies. Indeed, May used the same argument in her motion to dismiss which was earlier denied. See Athenahealth v. May, 272 F. Supp. 3d 281, 285 (D. Mass. 2017). Accordingly, count I of defendant's counterclaim will be dismissed.

### 2. Counts II and III – Breach of the Implied Covenant of Good Faith and Fair Dealing and Wrongful Discharge

Athena contends that May does not allege facts sufficient to articulate a public policy at issue in her termination and therefore has not stated claims for breach of the implied covenant of good faith and fair dealing or wrongful discharge.

May was an at-will employee who can only pursue such claims if her termination implicates a clearly established public policy. See Wright v. Shriners Hosp. for Crippled Children, 412 Mass. 469, 472 (1992)(explaining that an at-will employee has a cause of action for breach of the implied covenant of good faith and fair dealing if the termination violates a clearly established public policy); see also King v. Driscoll, 418 Mass. 576, 582 (1994)( "an at-will employee has a cause of action for

wrongful termination only if the termination violates a clearly established public policy").

Contrary to Athena's contention, however, May has pled a clearly established public policy issue in her termination. She submits that she refused to participate in her manager's alleged unlawful conduct of appropriating Decidedly's intellectual property. It is against public policy for an employer to terminate an at-will employee for refusing to engage in unlawful conduct. Mello v. Stop & Shop Companies, Inc., 402 Mass. 555, 557-58 (1988); see also Upton v. JWP Businessland, 425 Mass. 756, 757 (1997)( noting that the implied covenant of good faith and fair dealing public policy exception allows redress to employees who are terminated for refusing to break the law).

May submits that she was terminated because she refused to misappropriate the technology, intellectual property and trade secrets of Decidedly, LLC. Requiring an employee to engage in such conduct is a violation state law, federal law and public policy. See 18 U.S.C. § 1836 et seq.; M.G.L. ch. 93, § 42. Accepting May's allegations as true, as the Court must do at this stage of the litigation, May has raised a well-established public policy issue in her counterclaim and has stated claims for breach of the implied covenant of good faith and fair dealing and for wrongful discharge. For this reason, Athena's

motion to dismiss Counts II and III of the amended counterclaim will be denied.

### 3. Count IV – Promissory Estoppel

Athena moves to dismiss May's counterclaim for promissory estoppel, stating that the promise May alleges Mallinger made to her about future employment was vague and that May could not have relied on such a promise. In her opposition memorandum, May suggests that the promise was not vague and that a specific, limited condition of employment is at issue.

To establish a claim for promissory estoppel, a plaintiff must prove that defendant made a representation that was intended to induce action or specific inaction from her, that she reasonably relied on the representation when taking action and that injustice can only be avoided by enforcement of the promise. Loranger Const. Corp. v. E. F. Hauserman Co., 6 Mass. App. Ct. 152, 154 (1978), aff'd, 376 Mass. 757 (1978). The representation must be an "unambiguous promise" on which she could reasonably rely. Upton, 425 Mass. at 760.

Mallinger allegedly promised May that she

> would have absolutely nothing to worry about in the transition and continuing to work from home.

The written agreement between May and Athena, however, provided that May was an at-will employee, terminable at any time for no reason. Given May's at-will status, the promise is

-8-

too ambiguous to be enforceable under the doctrine of promissory estoppel. See Treadwell v. John Hancock Mut. Life Ins. Co., 666 F. Supp. 278, 287 (D. Mass 1987)(citing McCone v. New England Tel. and Tel. Co., 393 Mass. 231, 233 n. 6 (1984)).

Despite May's contention that the reference to the transition in the promise indicates that a specific and limited condition of employment is at issue, the promise itself is not a representation for employment for a specific period of time. Therefore, some amount of speculation is required to determine what Mallinger meant by "in the transition" and consequently, May remains an employee at-will. Cf. Id. at 286 (promise of "secure and continued employment" too vague to change employee's at-will status). Accordingly, Count IV will be dismissed.

## ORDER

For the foregoing reasons, plaintiff's motion to dismiss (Docket No. 59) is, with respect to counts I and IV, **ALLOWED** but, as to counts II and III, **DENIED**.
**So ordered.**

>  /s/ Nathaniel M. Gorton
>  Nathaniel M. Gorton
>  United States District Judge

Dated February 13, 2018